## Josiah Gregory *versus* John Tozier.

In a writ of entry, where the tenant pleads that he was not tenant of the freehold, but merely tenant at will to another who had the title, the demandant may, since the Revised Statutes were in force, (c. 145, § 10) elect to consider the person so in possession a disseizor, for the purpose of trying the right, if he has actually ousted the demandant, or withheld from him the possession of the premises; and the demandant may prevail if his title be paramount to that of him under whom the tenant in possession holds.

Where a levy is made upon an undivided share of certain real estate, in order that such levy should be supported against any one but the debtor and those claiming under him, it should not appear, that he was tenant in common of a larger tract, including the premises levied upon; nor otherwise than that he was the owner of an undivided portion of that particular parcel, or that, owning the whole of that parcel, in severalty, the levy could not be made thereon of a particular portion, setting it out by metes and bounds, without damage to the estate.

WRIT of entry. After the demandant had introduced his evidence, a nonsuit was entered subject to the opinion of the Court. If the Court should be of opinion that upon the evidence the action could be supported, the tenant was to be defaulted; and if it could not, then the demandant was to be nonsuited. The view taken of the evidence by the Court appears in the opinion.

*Williamson*, for the demandant.

*Blake*, for the tenant.

The opinion of the Court was by

WHITMAN C. J. — The plaintiff demands of the defendant seizin and possession of one undivided half part of eighty-three acres, describing it by metes and bounds, being a part of lot No. 7, in the town of Corinth; and, for his title, relies upon a levy upon the same half part, made in 1837, by virtue of an execution in his favor, and against the defendant.

The defendant pleads the general issue; and files a brief statement, setting forth that he was not, at the time of the service of the writ in this case, tenant of the freehold; but was in possession of the whole of lot No. 7, as tenant under

S. H. Blake and Andrew S. Tozier, who he avers, were owners in fee of the same.

In reference to defences of this kind the Revised Statutes, c. 145, § 10, have provided, that "If the person in possession have actually ousted the demandant, or withheld the possession of the premises, he may, at the election of the demandant, be considered as a disseizor, for the purpose of trying the right; though he should claim an estate less than freehold." The defendant in this case does not pretend, and, without doubt, could not, that he has not withheld the possession of the demanded premises from the plaintiff. The plaintiff, therefore, has a right, as against him, to prevail, if his title be paramount to that of those under whom the defendant holds.

The plaintiff's levy was on an undivided half of a certain parcel of real estate, as the property of the defendant. To support such a levy, as against any one, but the debtor, and those claiming under him, it should not appear that he was tenant in common of a larger tract, including the premises levied upon, nor otherwise than that he was the owner of an undivided portion of that particular parcel, or that, owning the whole of such parcel in severalty, the levy could not be made thereon of a particular portion, setting it out by metes and bounds, without damage to the estate. Rev. St. c. 94, § 13. If the right of John Tozier alone, as opposed to the claim of the plaintiff, were in question, and it should appear, that, at the time of the levy, he was a tenant in common of the whole lot, the levy, as against him, might perhaps be upheld. *Bartlet* v. *Harlow*, 12 Mass. R. 348.

But if Andrew S. Tozier and Blake have acquired such a title to the premises as that the levy, as against them, would be unavailing to the plaintiff, he cannot recover. It appears, that in May, 1820, the plaintiff conveyed to the defendant the one undivided half of the whole lot. In 1823, Benjamin Joy, being the owner of the other undivided half of the lot, conveyed the same half to the plaintiff and defendant, taking back, at the same time, a mortgage as collateral security for the con-

sideration agreed upon for the conveyance. The plaintiff, on the seventh of September, 1829, conveyed the quarter part derived by him from Joy, to Thornton McGaw, who, on the eighteenth day of July, 1832, conveyed the same to the defendant; so that the defendant, but for a conveyance to be presently noticed, would have become seized of one undivided half of the whole lot in fee, and of the other half also subject to the mortgage to Joy. But the defendant on the twenty-third of April, 1830, had conveyed to one Payson fifty acres, being the southerly part of the lot, and Payson on the twenty-third of April, 1842, conveyed the same to Blake. This conveyance must be regarded as good against John Tozier, and those claiming under him by virtue of a subsequent conveyance; and consequently against the plaintiff; for his levy is but a conveyance made in the manner prescribed by statute. Thus Blake, so far as it respects any claim on the part of the plaintiff, must be considered as the owner of fifty acres in severalty, being the south part of the lot.

Joy, in his life time, entered under his mortgage and foreclosed the right of redemption, and after his decease, his heirs conveyed the half of the lot, of which he died seized, to Andrew S. Tozier, who thereupon became seized of the same. Neither the levy, nor the conveyance to Blake, would interfere with his right to have partition of any part of the lot. His share may be set off, regard being had to quality as well as quantity, so as to take the whole of what is described in the levy, and not covered by the deed to Blake. The plaintiff's claim, therefore, as against Andrew S. Tozier and Blake, cannot be sustained to an undivided part of any specific portion of the lot; and the nonsuit must be confirmed.